UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Lamothe, ) | C/A No. 5:16-cv-01366-PMD-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| ) | |
| Andrew Mansukhani, Warden, ) | |
| ) | |
| Respondent. ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the court by a federal prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

Clifton Lamothe ("Petitioner") is a federal prisoner currently incarcerated at FCI-Estill in Estill, South Carolina. In the § 2241 Petitioner submitted in this case, Petitioner seeks to challenge his robbery sentence that was enhanced by the United States District Court for the Southern District of Florida ("the sentencing court") for use of a firearm. *United States v. Lamothe*, No. 0:12-cr-60225-DMM-2(S.D. Fla.). Petitioner contends that insufficient evidence of firearm discharge/use was presented where neither he nor his co-conspirator fired a gun during the robbery and where the only firearm discharge during the incident was done by law enforcement officers who stopped his vehicle. ECF No. 1-1 at 3. Petitioner further contends that in absence of sufficient evidence of personal firearm usage, he is actually innocent of the enhanced sentence. Pet. 2, 6, ECF No. 1; ECF No. 1-1 at 16. Petitioner asks this court to vacate his sentence and "remand the sentence for

resentencing without the 6 level enhancement . . . ." ECF No. 1 at 8.[1]

Petitioner was convicted on a guilty plea and sentenced on May 28, 2013. *United States v. Lamothe*, No. 0:12-cr-60225-DMM-2, ECF Nos. 59, 61. His conviction was affirmed by the Eleventh Circuit Court of Appeals on April 22, 2014. *United States v. Lamothe*, 586 F. App'x 550 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1458 (2015). One of the issues in his appeal was the same issue that he attempts to raise in this case: the sufficiency of the evidence of firearm discharge and/or usage in his case. 586 F. App'x at 552; *see* U.S.S.G. § 2B3.1(b)(2)(A) (seven-level increase "[i]f a firearm was discharged. . . ."); U.S.S.G. § 2B3.1(b)(2)(B) (six-level increase "[i]f a firearm was otherwise used. . . ."). On February 23, 2015, the United States Supreme Court denied his petition for writ of certiorari under which Petitioner sought review of the same issue relating to the firearm-usage enhancement to this sentence. In his Petition, Petitioner indicates he has not filed a motion under 28 U.S.C. § 2255 in the sentencing court. Pet. 5. Petitioner does not allege that the § 2255 remedy is inadequate or ineffective to test the constitutionality of his detention. *Id.* at 6 (Petitioner left blank the question on the petition form requesting that explanation from Petitioner).

II.    Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in

---

[1] In its opinion in Petitioner's direct appeal, the Eleventh Circuit indicates that a "seven-level increase" was applied to Petitioner's sentence because a firearm was discharged by the law enforcement officer who responded to the robbery. The court also indicates that a "four-level increase" was applied "because a dangerous weapon was 'otherwise used.'" There is no reference to a "6 level increase" in the opinion. *United States v. Lamothe*, 586 F. App'x 550, 552-53 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1458 (2015). Petitioner also discusses only the seven-level increase in his Memorandum in Support of the Petition. ECF No. 1-1 at 13. As a result, this court cannot determine which actual increase Petitioner is contesting. In any event, the challenge is based on the same assertion that the evidence was insufficient because Petitioner and his accomplice did not personally discharge or otherwise use a firearm during the robbery.

light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.   Discussion

It appears from a review of the Petition in this case and the Eleventh Circuit's decision in his direct appeal that Petitioner is making essentially the same arguments and claims about the underlying validity of his enhanced sentence in this court that he unsuccessfully made to the

appellate court and to the United States Supreme Court in connection with his direct appeal and petition for writ of certiorari. His allegations of insufficient evidence of personal firearm usage to have implicated the guidelines enhancements go to the underlying validity of his sentence rather than to the manner of execution of the sentence, which is the most commonly accepted type of claim within this court's subject-matter jurisdiction under § 2241. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits). In this Circuit it is settled that "[a]s a threshold matter . . . defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The Fourth Circuit Court of Appeals has held that challenges to the underlying validity of a federal criminal conviction or sentence are not properly considered under § 2241 unless Petitioner can come within the so-called § 2255 "savings clause" by showing this is an exceptional case in which § 2255 is neither an adequate nor effective remedy for consideration of such issues. *See In re Jones,* 226 F.3d 328, 333 (4th Cir. 2000); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1977); *Farrow v. Revell*, 541 F. App'x 327, at *1 (4th Cir. 2013). In other words, under this Circuit's precedent, this court is without subject-matter jurisdiction to consider Petitioner's § 2241 Petition unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective to test the legality of his detention.

The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). With regard to the application of the § 2255 savings clause to § 2241 petitions, the Fourth Circuit has found that the possibility that a second § 2255 motion filed by Petitioner in

4

the sentencing court might be found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n.5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001) (collecting cases). To trigger the savings clause of § 2255(e) and proceed under § 2241, Petitioner must show that something more and different should be considered by the court than that authorized by § 2255, such as a retroactive change in the law that was applied to his conviction or sentence by the sentencing court as contemplated in *In re Jones*, 226 F.3d 328. The *In re Jones* court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.* at 333-34. Here, as previously noted, Petitioner did not respond to the question about the adequacy and effectiveness of the § 2255 remedy on his petition form, nor does he otherwise address the issue in his Memorandum in Support of the Petition. Although he alleges he is actually innocent of the firearm discharge/usage enhancement to his sentence, Petitioner does not allege that the conduct of which he was convicted—robbery and conspiracy to commit robbery—is no longer criminal. In absence of a claim that satisfies the *In re Jones* requirements, this court cannot proceed under § 2241 to overrule the sentencing court and the Eleventh Circuit, which have already considered and rejected Petitioner's claim of insufficient evidence to support Petitioner's enhanced sentence. Moreover, Petitioner cannot utilize the savings clause because the United States Court of Appeals for the Fourth Circuit has held that the savings clause does not apply to sentences. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2010) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.").

Finally, Petitioner's contentions that he is "actually innocent" of the enhancement applied to his sentence does not require this court to consider the merits of his Petition. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004). Prisoners such as Petitioner often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where they wish to raise the same issues that were unsuccessfully raised or additional issues that were not raised in direct appeals or in any § 2255 motions that they did file. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise the issues previously, he or she can still possibly obtain review of additional constitutional claims by showing that the case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997). However, in this case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the criminal charge on which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification

6

of the predicate crimes"). Instead, Petitioner specifically states that he is not claiming to be innocent of robbery, ECF No. 1-1 at 16, and he asserts only that the evidence that was used to support the firearm-use sentence enhancement in his case was insufficient. Therefore, Petitioner fails to state a plausible actual innocence claim. As a result, based on the case law cited above, the facial inadequacy of the Petition now under consideration requires this court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of . . . § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *United States v. Lurie*, 207 F.3d 1075, 1077 n.4 (8th Cir. 2000).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

May 31, 2016  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).